UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARCOS A. FERNANDEZ FRANCISCO, *on behalf of himself, individually, and on behalf of all others similarly situated,*<br><br>Plaintiff,<br><br>v.<br><br>WIRED NYC LLC,<br><br>Defendant. | Case No.:1:25-cv-7220<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Plaintiff MARCOS FERNANDEZ, on behalf of himself, individually, and on behalf of all others similarly situated ("Plaintiffs," "FLSA Plaintiffs" or "Rule 23 Plaintiffs," where appropriate) by and through their attorneys, JOSEPH & NORINSBERG, LLC, as and for his Class and Collective Action Complaint against WIRED NYC LLC ("Defendant"), states as follows:

**PRELIMINARY STATEMENT**

1. This is a civil action for damages and equitable relief based upon willful violations that Defendant committed of Plaintiff's rights guaranteed to him by: (i) the unpaid overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the anti-retaliation provisions of the FLSA, 29 U.S.C. § 215(a)(3); (iii) the unpaid overtime provision of the New York Labor Law ("NYLL"), NYLL § 160; (iv) the NYLL's implementing regulations, the New York Codes, Rules and Regulations ("NYCRR"), specifically, N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2; (v) the notice and wage statement requirements under the NYLL's Wage

Theft Prevention Act ("WTPA"); (vi) the anti-retaliation provisions of the NYLL, § 215; and (vii) the whistleblower protections of the NYLL, § 740.

2. This case exposes the unconscionable exploitation and systematic retaliation endured by Plaintiff at the hands of Defendant, who brazenly orchestrated a calculated scheme of wage theft that epitomizes corporate exploitation at its most flagrant.

3. Plaintiff, a dedicated electrical mechanic, was subjected to Defendant's callous refusal to compensate him for 20 hours of overtime each week while maintaining a grueling schedule of 60 hours per week across two work locations.

4. Most egregiously, Defendant completely ceased paying Plaintiff and other employees beginning in February 2025, forcing Plaintiff to work without any compensation for his final two months of employment until he was constructively discharged on March 21, 2025.

5. When Plaintiff courageously exercised his protected right to voice concerns about unpaid wages and unsafe working conditions, Defendant's response was as predictable as it was despicable, orchestrating a campaign of intimidation designed to silence workers through threats of deportation and supervisor retaliation.

6. This action seeks to hold Defendant accountable for its deliberate violations of federal and state wage and hour laws, and to affirm that no employer has the right to exploit or retaliate with impunity.

**JURISDICTION AND VENUE**

7. Jurisdiction is proper in this court under 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, et seq.

8. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York State law.

9. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events giving rise to the claims for relief occurred in this judicial district, specifically at Plaintiff's work locations in Dutchess County (30 Campus Road, Annandale-on-Hudson, NY 12504) and Westchester County (1 Zeiss Drive, Thornwood, NY 10594), both of which are within the Southern District of New York.

**PARTIES**

10. At all relevant times, Plaintiff worked for Defendant in New York and was an "employee" entitled to the protections as defined in the FLSA, NYLL, and NYCRR.

11. Defendant WIRED NYC LLC is a foreign limited liability company organized under the laws of New Jersey on December 8, 2021, and authorized to conduct business in New York State since June 23, 2022. Defendant maintains business operations in Dutchess County, New York, and Westchester County, New York, and is subject to service of process with process to be mailed to 161 Frelinghuysen Avenue, Newark, NJ 07114.

12. Defendant (i) has purchased goods, tools, supplies for its business, and generally engaged in business across state lines, which constitute business through regular streams and channels of interstate commerce from vendors/suppliers that originated in and out of New York state; and/or have had two or more employees engaged in interstate commerce or in the production of goods intended for commerce, and handle, sell and otherwise work with goods and material that have been moved in or produced for commerce by any person: and (ii) has had annual gross volume of sales of not less than $500,000.00. This status subjects Defendant to the FLSA's overtime requirements for enterprise coverage.

13. At all relevant times herein, Defendant was an "employer" within the meaning of the FLSA and NYLL.

## MULTI-STATE FLSA COLLECTIVE ACTION ALLEGATIONS

14. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all current and former non-exempt electrician, service, maintenance workers, and those similarly situated, employed by Defendant, on or after the date that is six (6) years before the filing of the Complaint ("FLSA Collective Plaintiffs").

15. At all relevant times, Plaintiff and other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and have been and continue to be subjected to Defendant's decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all of which have culminated in a willful failure and refusal to pay Plaintiff and other FLSA Collectives for all hours worked, including overtime premiums at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek, due to Defendant's policies of time shaving FLSA Collective Plaintiffs wages. The claims of Plaintiff stated herein are essentially the same as those of other FLSA Collective Plaintiffs.

16. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendant.

## MULTI-STATE - RULE 23 CLASS ALLEGATIONS

17. Plaintiffs bring claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all current and former non-exempt electrician, service, maintenance workers, and those similarly situated, employed by Defendant in on or after the date

that is six (6) years two-hundred-and-twenty-eight (228) days (pursuant to NY's Executive Order tolling during the COVID pandemic), or the relevant statutory period of each state's applicable labor law, prior to the filing of the Complaint in this case (the "Class Members").

18. All said persons, including Plaintiff, are referred to herein as the "Class." The Class Members are readily ascertainable. The number and identities of the Class Members are determinable from the records of Defendant. The hours assigned and worked, the position held, and the rates of pay for each Class Member are also determinable from Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under F.R.C.P. 23.

19. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, as the facts on which the calculation of that number rests are presently within the sole control of Defendant, Defendant employs approximately 50 workers across its two New York locations, with additional operations in New Jersey and Florida.

20. Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class Members were subject to the same corporate practices of Defendant, as alleged herein, of: (i) failing to pay wages, including overtime, due to time shaving; (ii) failing to provide wage and hour notices, at date of hiring and annually; and (iii) failing to provide proper wage statements.

21. Defendant's corporate-wide policies and practices affected all Class Members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each

Class Member. Plaintiff and other Class Members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

22. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

23. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

24. Defendant and other employers throughout the country violate state wage laws. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

25. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a) Whether Defendant employed Plaintiff and Class Members within the meaning of the state wage laws;

b) What were and are the policies, practices, programs, procedures, protocols and plans of Defendant regarding the types of work and labor for which Defendant did not pay Plaintiff and the Class Members;

c) At what common rate, or rates subject to common methods of calculation, was and is Defendant required to pay Plaintiff and Class Members for their work;

d) Whether Defendant properly notified Plaintiff and Class Members of their hourly rate and overtime rate;

e) Whether Defendant properly compensated Plaintiff and Class Members for their hourly rate and overtime rate;

f) Whether Defendant paid Plaintiff and Class Members for the actual hours that they worked;

g) Whether Defendant provided wage and hour notices to Plaintiff and Class Members, at date of hiring and annually, per requirements of the NYLL;

h) Whether Defendant provided proper wage statements to Plaintiff and Class Members per requirements of the NYLL;

## BACKGROUND FACTS

26. Plaintiff commenced his employment with Defendant in September 2024, serving as an electrical mechanic.

27. Throughout his tenure, which extended until his constructive discharge on March 21, 2025, Plaintiff consistently demonstrated his professional dedication by adhering to Defendant's demanding schedule and fulfilling his professional duties with unwavering commitment across two work locations.

**Defendant's Systematic Wage Theft and Overtime Violations**

28. Defendant brazenly subjected Plaintiff to a calculated scheme of wage theft that epitomizes corporate exploitation at its most flagrant.

29. Plaintiff maintained a demanding schedule working at two separate locations: (i) Monday through Friday from 7:00 AM to 5:00 PM at 30 Campus Road, Annandale-on-Hudson, NY 12504; and (ii) Saturdays from 7:00 AM to 5:00 PM at 1 Zeiss Drive, Thornwood, NY 10594, totaling approximately 60 hours per week—a clear 20 hours of overtime each week that Defendant callously refused to compensate at the proper overtime rate.

30. On two occasions in February 2025 (a Friday and Saturday), Plaintiff was required to work until 5:00 AM the following day to complete projects, yet was paid only his regular rate of $30.00 per hour for these extended hours.

31. Plaintiff was initially paid at a rate of $25.00 per hour from September 2024 through January 31, 2025, and $30.00 per hour beginning February 1, 2025, for all hours he worked for Defendant.

32. Under federal and state law, Plaintiff's overtime rate should have been $37.50 per hour (September 2024 - January 2025) and $45.00 per hour (February - March 2025) (one and one-half times his respective regular rates) for all hours worked in excess of forty per week.

33. Instead, Defendant paid Plaintiff at his regular straight-time rate for all hours worked, including overtime hours, resulting in significant weekly underpayments throughout his employment.

34. Most egregiously, Defendant completely ceased paying Plaintiff and other employees beginning in February 2025. Plaintiff's last payment was received in December 2024. Although Plaintiff took January 2025 off, when he returned to work in February 2025, Defendant

never paid him for any work performed in February or March 2025, totaling approximately eight weeks of completely unpaid labor.

35. FLSA Collective Plaintiffs and Class Members worked similar overtime hours and were similarly paid at a straight time rate for hours worked over 40 in a week, and similarly experienced the complete cessation of wage payments beginning in February 2025.

36. Compounding these egregious violations, Defendant systematically denied Plaintiff proper pay stubs throughout his employment, deliberately obscuring the true extent of its wage theft and depriving him of legally required documentation of his earnings.

37. Similarly, Defendant failed to provide a wage notice to Plaintiff listing his actual base rate of pay and his actual overtime rate, which would have revealed Defendant's unlawful scheme prior to Plaintiff accepting employment and being underpaid by Defendant.

**Unsafe Working Conditions and Workplace Injury**

38. Throughout his employment, Plaintiff was regularly required to carry cable rolls weighing 90-100 pounds up several flights of stairs without proper equipment or machinery, creating dangerous working conditions.

39. As a direct result of these unsafe working conditions, Plaintiff suffered a work-related hernia beginning in October/November 2024, which persists and will require surgery.

40. When Plaintiff complained to his manager Randy about these unsafe working conditions, Randy responded dismissively, stating "if you don't like it, leave."

**Defendant's Retaliatory Intimidation Campaign**

41. When Plaintiff courageously exercised his protected right to voice concerns about unpaid wages to Defendant's owner, Defendant's response was as predictable as it was

despicable. Rather than addressing their illegal conduct, Defendant chose to ignore Plaintiff's legitimate grievances entirely, providing neither payment nor even the courtesy of a response.

42. More insidiously, Defendant's secretary orchestrated a campaign of intimidation designed to silence workers who dared to seek their rightfully earned wages. The secretary repeatedly issued chilling warnings that any employee who visited the office to request payment would be reported to Immigration and Customs Enforcement for potential deportation.

43. This calculated use of immigration status as a weapon against vulnerable workers represents retaliation of the most pernicious kind, designed to exploit workers' fears and perpetuate Defendant's illegal wage practices.

44. The combination of complete wage cessation, retaliatory threats, and supervisor hostility created intolerable working conditions that forced Plaintiff and other employees to resign in March 2025, constituting constructive discharge.

## STATEMENT OF CLAIMS
### FIRST CLAIM FOR RELIEF AGAINST DEFENDANT
#### Unpaid Overtime under the FLSA

45. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

46. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rate of pay, or one and one-half the minimum wage rate, if greater, for all hours worked exceeding forty in a workweek.

47. As described above, Defendant is an "employer" within the meaning of the FLSA, and Plaintiff as well as each FLSA Collective Plaintiffs is an "employee" within the meaning of the FLSA.

48.     As described above, Plaintiff and FLSA Collective Plaintiffs worked in excess of forty hours per week, yet Defendant willfully failed to compensate Plaintiff in accordance with the FLSA's overtime provisions.

49.     Plaintiff and FLSA Collective Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times his respective regular rate of pay, or one and one-half times the minimum wage rate, if greater.

50.     Plaintiff and FLSA Collective Plaintiffs are also entitled to liquidated damages, interest, attorneys' fees, and costs for Defendant's violations of the FLSA's overtime provisions.

### SECOND CLAIM FOR RELIEF AGAINST DEFENDANT
### Violations of the Anti-Retaliation Provisions under the FLSA, 29 U.S.C. § 215(a)(3)

51.     Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

52.     The Fair Labor Standards Act § 215(a)(3) makes it unlawful "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint . . . related to" FLSA's provisions.

53.     As set forth above, Defendant retaliated against Plaintiff for engaging in protected activity. Specifically, Defendant subjected Plaintiff to intimidation and threats after he complained about not being paid the statutorily required overtime rate for all overtime hours worked in a workweek.

54.     As a direct and proximate result of Defendant's conduct in violation of the FLSA, Plaintiff has suffered, and continues to suffer, damages including, but not limited to, lost past and future income, compensation, and benefits.

**THIRD CLAIM FOR RELIEF AGAINST DEFENDANT**
<u>Unpaid Wages and Overtime under the NYLL and the NYCRR</u>

55. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

56. N.Y. Lab. Law § 160 and 12 NYCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rate of pay, or one and one-half times the minimum wage rate, if greater, for all hours worked exceeding forty in a workweek.

57. Defendant is an "employer" within the meaning of the NYLL and the NYCRR, while Plaintiff and each Class Member is an "employee" within the meaning of the NYLL and the NYCRR.

58. N.Y. Lab. Law § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

59. As described above, Defendant failed to furnish Plaintiff and Class Members with accurate wage statements and wage notices containing the criteria required under the NYLL. Pursuant to NYLL § 198(1-d), Defendant is liable to Plaintiff in the amount of $250.00 for each workday that the violations occurred, up to the statutory cap of $5,000.00.

60. Plaintiff and Class Members worked in excess of forty hours in a workweek, yet Defendant failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

61. Plaintiff and Class Members are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times his regular rate of pay, or one and one-half the minimum wage rate, if greater.

62. Plaintiff and Class Members are also entitled to liquidated damages, interest, attorneys' fees, and costs for Defendant's violations of the NYLL's and NYCRR's overtime provisions.

### FOURTH CLAIM FOR RELIEF AGAINST DEFENDANT
### Violations of the Anti-Retaliation Provisions under the NYLL § 215(1)

63. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

64. New York Labor Law § 215(1) provides that "No employer . . . shall discharge, threaten, penalize, or in any other manner discriminate against any employee because such employee has made a complaint to his employer . . . that the employer has violated any provision of this chapter [the Labor Law]."

65. As set forth above, Defendant retaliated against Plaintiff for engaging in protected activity. Specifically, Defendant subjected Plaintiff to intimidation and threats after he complained about not being paid the statutorily required overtime rate for all overtime hours worked in a workweek.

66. As a direct and proximate result of Defendant's conduct in violation of the NYLL, Plaintiff has suffered, and continues to suffer, damages including, but not limited to, lost past and future income, compensation, and benefits.

## FIFTH CLAIM FOR RELIEF AGAINST DEFENDANT
### Violations of the Whistleblower Protections Under NYLL § 740

67. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

68. New York Labor Law § 740(2) provides that "An employer shall not take any retaliatory personnel action against an employee because such employee . . . discloses, or threatens to disclose to a supervisor or to a public body an activity, policy or practice of the employer that is in violation of law, rule or regulation."

69. As set forth above, Defendant retaliated against Plaintiff for engaging in protected activity. Specifically, Defendant subjected Plaintiff to intimidation and threats after he raised complaints regarding unlawful activities in the workplace, including violations of wage and hour laws and unsafe working conditions, all in violation of NYLL § 740.

70. As a direct and proximate result of Defendant's conduct in violation of NYLL § 740, Plaintiff has suffered, and continues to suffer, damages including, but not limited to, lost past and future income, compensation, and benefits.

## DEMAND FOR A JURY TRIAL

71. Pursuant to FRCP 38(b), Plaintiff, Class Members, and FLSA Collective Plaintiffs demand a trial by jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and state wage laws;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

c. An award of unpaid wages, including overtime, due under the FLSA and state wage laws;

d. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay proper wages, including overtime compensation, pursuant to the FLSA and state wage laws;

e. An award of statutory penalties as a result of Defendants' failure to comply with wage notice and wage statement requirements;

f. An award of statutory penalties, prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

g. Compensatory damages, lost wages, and punitive damages pursuant to the FLSA and state wage laws to be determined at trial;

h. An award of all owed benefits owed pursuant to state wage laws;

i. Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

j. Designation of this action as a class action pursuant to F.R.C.P. 23;

k. Designation of Plaintiff as Representative of the Class;

l. Together with such other and further relief as the Court deems just and proper.

## NY BCL § 630 NOTICE AND DEMAND

Plaintiff hereby gives this notice, in writing, to each shareholder of Defendant, and any of its parents, subsidiaries, or affiliated entities that is served with the summons and complaint in

this action, that they intend to hold the shareholders liable under New York Business Corporation Law § 630. This notice is given within one hundred and eighty days after termination of the employment services of Plaintiff.

Plaintiff also demands an examination of the record of shareholders under paragraph (b) of section 624 (Books and records; right of inspection, prima facie evidence) of New York Business and Corporation Law.

An action to enforce such liability shall be commenced within ninety days after the return of an execution unsatisfied against the Defendant upon a judgment recovered against it for such services. The provisions of this paragraph shall not apply to an investment company registered as such under an act of congress entitled "Investment Company Act of 1940."

Dated: New York, New York
      August 29, 2025

Respectfully submitted,

**JOSEPH & NORINSBERG, LLC**

By: _____
Jon L. Norinsberg, Esq.
Robert Kansao, Esq.
Daniel Needham, Esq.
825 Third Ave, Suite 2100
New York, New York 10022
Tel.: (212) 227-5700
*Attorneys for Plaintiff and the Putative Collective and Class*